## Cowan, McClung & Co. *v.* J. T. Lowry *et al.*

1. PRACTICE AND PLEADINGS. *Garnishment proceedings. Judgment debtor.* Where a garnishee appeals from a justice's judgment against him, it is error in the circuit court to allow the judgment debtor to intervene, on his motion, as a defendant in the garnishment proceedings. His remedy was to appeal from the judgment.

2. LAND. *Condemnation. Affidavit not part of papers to be returned.* The affidavit upon which an execution is obtained on a justice's judgment within the time allowed by law for an appeal, constitutes no part of the papers required to be returned into the circuit court for the condemnation of land levied on by the execution.

3. JUSTICE'S JUDGMENT. *Not judgment by confession. When.* A judgment of a justice rendered upon a warrant, the service of which is acknowledged by the defendant by a confession of his liability for the cause of action, is not a judgment by confession under the Code, secs. 2977–2979.

3. GARNISHMENT. *Garnishee cannot contest validity of judgment. When.* A garnishee cannot contest the validity of the judgment on which the garnishment is based, because of the failure to comply with all the provisions of the Code in relation to judgments by confession.

4. JUSTICE'S JUDGMENT. *Is valid, when Clerical error.* A justice's judgment, which recites that the defendant has confessed judgment for a specified sum, and which awards an execution therefor, is good, although the word note be written instead of notes, and the word "judgment" be omitted by clerical error.

6. GARNISHMENT. *Garnishee cannot object to execution because issued on insufficient affidavit.* A garnishee cannot object to the execution on which the garnishment notice was based, that it was issued upon an insufficient affidavit.

FROM LOUDON.

Appeal in error from the Circuit Court of Loudon county. S. A. ROGERS, J.

Cowan, McClung & Co. *v.* Lowry.

E. P. McQueen for Cowan, McClung & Co.

D. B. Nelson for Lowry.

Cooper, J., delivered the opinion of the court.

An execution, purporting to be issued on a judgment rendered by a justice of the peace in favor of Cowan, McClung & Co. against J. T. Lowry, was levied by the officer on a small tract of land as the property of Lowry. The land, after the allotment of homestead, being found by the officer to be insufficient to pay the debt, he served garnishment notices on J. H. Carmichael and G. H. Tipton. Each of these garnishees admitted in his answer that he was indebted to Lowry in a specified sum, and the justice rendered judgment against him for the amount. From the judgment thus rendered, each garnishee appealed to the circuit court. The execution, together with the levy on the land and other papers in the cause, was returned into the circuit court for the condemnation of the land according to law. At the same term, the plaintiffs in the execution moved for judgment of condemnation, and the garnishees moved to quash the garnishment proceedings. The judgment debtor was also permitted, on his own motion, to become a party defendant to the proceedings by garnishment, and make defense, and then, upon his motion, the circuit judge quashed the execution issued by the justice, and the proceedings based thereon. To all these rulings the plaintiffs excepted, and prayed and obtained an appeal to this court.

His Honor, the circuit judge, clearly erred in permitting the judgment debtor to intervene in the garnishment proceedings by the mode adopted. The law authorized him to appeal from the garnishment judgments: Code, sec. 3492; *Kaylor* v. *Brunswick,* 6 Heis., 235. And he had the right to test the original liability, on which the justice's judgment against him was rendered, either by appeal, or by the writ of *certiorari* in lieu of an appeal: Code, secs. 3124, 3140. The mode permitted in this case is without any statutory sanction, and unknown to the practice of the courts. The judgments rendered by the justice are conclusive upon the debtor, and there is no longer any suit pending between him and the creditor to which he can become a party so long as he allows those judgments to stand unappealed from.

The judgment debtor had the right, however, to offer any objection to the condemnation of his land, which could be made upon the papers properly returned into the circuit court for the purpose of obtaining the judgment of condemnation: Code, sec. 3080. These papers, it has long been settled, are the process and returns thereon, the judgment, and the execution and returns thereon: Code, sec. 3082; 6 Hum., 444. Neither the evidence, documentary or otherwise, on which the judgment was obtained, nor the affidavit, if any, on which the execution was sued out, constitute a part of the papers to be entered of record in the circuit court. If the judgment be not void on its face, and the proceedings be in other respects regular, the condemnation follows of course.

It is insisted, both by Lowry and the garnishees, that the judgment against Lowry is by confession, and that it does not appear that the confession was in proper person, or that the written evidence of the debt was filed, and that the judgment is therefore void: Code, secs. 2977–2979. But the judgment of the justice recites that "the defendant confessed judgment," which, perhaps, would imply his personal presence, and the provision as to the filing of the evidence of the debt is only directory: *Arnold* v. *McCorkle,* 6 Baxt., 301. And the garnishees cannot contest the validity of the judgment because of the failure to comply strictly with the provisions of the Code in relation to judgments by confession, if the principal submit to it: *Taliaferro* v. *Herring,* 10 Hum., 272. The record does, moreover, contain the notes, and the written confession of the debtor on which the judgment was rendered. And the judgment is, besides, not by confession under the provision of the Code cited, but upon a warrant, the service of which is in effect acknowledged.

It is next objected that the judgment of the justice is void on its face, because it purports to be on a single note, when the confession is on three notes which are filed, no one of which corresponds with the amount of the judgment, and because the word judgment is omitted from the entry as drawn up by the justice. The warrant is in debt "due by notes." On the warrant, the defendant over his signature wrote: "I hereby confess judgment" before the particular justice, naming him, "on the within notes, for the amount

due on the face of the same, and legal interest," describing them. The judgment, written also on the warrant, is:

"Cowan, McClung & Co. ⎞ Justice judg't $794.27
          *v.*                ⎬
    J. T. Lowry.      ⎠   In this case, the defendant confessed judgment for the amount of the within note, made payable to Cowan, McClung & Co., with legal interest on the same, amounting in the aggregate to seven hundred and ninety-four dollars and twenty-seven cents. I therefore give for the above amount, for which execution may issue." Dated and signed.

The defects consist in writing note instead of notes, and in leaving out the word judgment after the word give.

"Every intendment," says the Code, "is in favor of the sufficiency and validity of proceedings before justices of the peace, when brought in question, either directly or collaterally, in any of the courts of the State, where it appears on the face of the proceedings that the justice has jurisdiction of the subject matter and of the parties": Code, sec. 4176. The word defendant in a justice's judgment has been treated as *nomen collectivum* for two defendants: *Myers* v. *Hammond*, 6 Baxt., 61. And we have several cases in which an omitted word, essential to the validity of an instrument, has been supplied by intendment, when the recitals of the instrument or its sense and obvious meaning suggested the proper correction: *Williamson* v. *Smith*, 1 Cold., 1; *Kincannon* v. *Carroll*, 9 Yer.,

11; *Nichol* v. *White,* 4 Hayw., 257; *Waterford* v. *Hensley,* M. & Y., 275. This court has repeatedly made liberal intendments in favor of the proceedings and judgments of justices: *Parker* v. *Swan,* 1 Hum., 80; *Glass* v. *Stovall,* 10 Hum., 453; *Anderson* v. *Kimbrough,* 5 Cold., 260. In view of these decisions, and the express provision of the statute, there is no difficulty in holding the word "note" to be *nomen collectivum* for the notes mentioned in the defendant's written confession of judgment, and in supplying the word "judgment," obviously omitted by a mere clerical misprision. The justice had jurisdiction in this case of the subject matter and the parties. And the recital in his entry that the defendant has "confessed judgment" for the specified sum, and the actual award that "execution may issue," which presupposes a judgment, leave not a particle of doubt of the correctness of the conclusion.

The only other ground relied upon by the garnishees is that the execution was issued, within the time allowed for an appeal, upon an insufficient affidavit: Code, sec. 3009, 3011. But our authorities are uniform that an execution so issued is not void, and that no one can take advantage of the irregularity except the judgment debtor, nor even. he collaterally: *Stanley* v. *Nelson,* 4 Hum., 484. A garnishee cannot: *Carpenter* v. *Savings Bank,* 1 Lea, 202; *Miller* v. *O'Bannon,* 4 Lea, 398.

Reverse the judgment of the circuit court, and render judgments against the garnishees.